IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

U.S. DISTRICT COURT
ASTERN DISTRICT-WI
FILED

2013 JUL 29 A 11: 22

JON A. SANFILIPPO
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff | |
| v. | Civil Action No. 13-cv- |
| GIV VENTURE PARTNERS, L.P., | 13 MISC 45 |
| Defendant | |

## COMPLAINT FOR RECEIVERSHIP AND INJUNCTION

Plaintiff, the United States of America, for its complaint in this action alleges as follows:

1. The United States of America brings this action against defendant, GIV Venture Partners, L.P., alleging violations of the Small Business Investment Act, 15 U.S.C. Section 661, et seq., and the regulations issued pursuant thereto, 13 C.F.R. § 107.1, et seq.

## PARTIES

2. The plaintiff is the United States of America. It brings this action on behalf of its agency, the United States Small Business Administration ("SBA"). SBA's central office is located at 409 Third Street, S.W., Washington DC 20416.

3. The defendant is GIV Venture Partners, L.P. ("GIV" or "Licensee"), a Delaware Limited Partnership with its principal place of business at 150 North Radnor Chester Road, Suite F-200, Radnor PA 19087.

## JURISDICTION AND VENUE

4. The Court has jurisdiction pursuant to the Small Business Investment Act of 1958, as amended ("the Act"), 15 U.S.C. §§ 687(d), 687c, and 687(h); the Small Business Act, 15 U.S. § 634(b)(1); and 28 U.S.C. § 1345.

5. Venue is proper pursuant to 15 U.S.C. §§ 687(d) and 687(h) and 28 U.S.C. § 1391(b), because GIV's principal place of business is in this District.

## FACTUAL BACKGROUND

6. On or about March 26, 2002, SBA licensed GIV as a Small Business Investment Company ("SBIC") solely to do business under the provisions of the Act and the regulations issued pursuant thereto. The general partner in GIV is GIV Venture Partners GP, LLC. SBA is a preferred limited partner in GIV.

7. Sections 1.01 and 2.01 of GIV's Agreement of Limited Partnership ("LPA") provide that GIV is subject to the Act and the regulations issued pursuant thereto ("the Regulations").

8. Section 4.03(a) of the LPA provides that 13 C.F.R. § 107.1820 is incorporated by reference into the LPA, as if set forth again in full. Section 107.1820 enumerates, inter alia, removal conditions, contingent removal conditions, and restricted operations conditions and the remedies to which SBA is entitled as a result thereof.

9. Section 4.03(b) of the LPA provides that GIV and its partners consent to the exercise by SBA of all of its rights under 13 C.F.R. § 107.1820 and agree to take all actions required by the SBA under that section.

10. Pursuant to Section 303 of the Act, 15 U.S.C. § 683, SBA provided funds to GIV through the purchase and/or guaranty of Participating Securities, a form of leverage, as

2

those terms are defined under the Regulations. Pursuant to 13 C.F.R. § 107.50, "Participating Securities" means preferred stock, preferred limited partnership interests, or similar instruments issued by licensees.

11. Currently, $25,002,281.00 in Participating Securities Leverage remain outstanding. Pursuant to 13 C.F.R § 107.50, "leverage" means financial assistance provided by SBA to a licensee, evidenced by a security of the licensee.

12. The Participating Securities described in Paragraphs 10-11 hereinabove are expressly subject to and incorporated by reference in the applicable regulations, inter alia, 13 C.F.R. §§ 107.1820-50 and 107.507.

13. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the regulations, all of the rights, privileges and franchises of a licensee, such as GIV, may be forfeited and the company may be declared dissolved.

14. Section 311 of the Act, 15 U.S.C. §687c, provides that upon a determination by SBA that a licensee, such as GIV, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any regulation issued pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized, inter alia, to appoint SBA to act as receiver for such licensee.

## COUNT ONE
## NONPERFORMANCE OF AGREEMENT WITH SBA

15. Paragraphs 1-14 hereinabove are incorporated by reference as if set forth again in full.

16. Pursuant to 13 C.F.R. §107.507(a), Nonperformance of any written agreement with SBA constitutes a violation of that regulatory section.

17. Pursuant to 13 C.F.R. §107.1820(b), if a licensee has a condition of "capital impairment," it is not in compliance with the terms of its leverage, and the SBA has the right to impose the applicable remedies for non-compliance as provided by 13 C.F.R. §§ 107.1810(g) and 107.1820(f). Pursuant to 13 C.F.R. §107.1820(c), GIV's Capital Impairment Percentage may not exceed 60 %. 13 C.F.R. § 107.1830(c) provides further that the Capital Impairment Percentage is calculated pursuant to a formula set forth in 13 C.F.R. §107.1840.

18. As of September 30, 2010, SBA determined that GIV had a condition of Capital Impairment of 82.3%, a percentage greater than that allowed under § 107.1830 of the Regulations.

19. As a consequence of its failure to cure its condition of capital impairment under 13 C.F.R. § 107.1820 (e)(3), by letter of January 5, 2011, SBA placed GIV in restricted operation status under under 13 C.F.R. §107.1820(f).

20. As a further consequence of its failure to cure its condition of capital impairment, GIV was notified, by letter dated May 11, 2011, that it had been placed into liquidation status by SBA and that GIV was to continue to comply with the restricted operations conditions described therein.

4

21. On or about April 17, 2012, GIV and SBA entered into a Wind Down Agreement ("the Agreement") whereby SBA agreed to forebear from exercising its regulatory and statutory remedies and allowed GIV to liquidate itself under the terms of a Wind Down Plan ("the Plan") submitted by GIV to SBA on or about April 6, 2012.

22. SBA's approval of the Plan, and its execution of the Agreement, was based on cash flow projections from GIV anticipating the full repayment of SBA's outstanding debenture leverage in full.

23. GIV failed to meet its projected repayment targets for calendar year 2012.

24. On or about May 7, 2013, SBA received revised projections from GIV, along with an email, indicating that GIV was not going to meet its repayment targets for calendar year 2013.

25. By that same email dated May 7, 2013 and referenced in paragraph 24, above, GIV informed SBA that it would not meet its repayment targets for 2014, due in part to the devaluation of an asset held by GIV.

26. The revised projections from GIV indicate that it will be unable to repay SBA's leverage in full even after calendar year 2014 and will thus be unable to meet the terms of the Plan.

27. Under the terms of the Agreement, SBA's decision granting approval for the GIV to proceed with its own liquidation was subject to reconsideration if the actual wind down substantially and negatively deviated from that projected by GIV in the Plan.

28. Section 11 of the Agreement provides that in consideration of SBA's agreement to the Plan, GIV would execute a consent order of receivership so that SBA could

5

proceed with a receivership action if, in SBA's discretion (a) GIV was no longer substantially meeting the material terms of the Plan or (b) the Plan was no longer advisable. Section 11 of the Agreement further provides that the consent order of receivership could be executed by SBA on or after September 16, 2012.

29. After reviewing GIV's revised projections as submitted on May 7, 2013, SBA determined that GIV was no longer substantially meeting the terms of the Plan and that the Plan was no longer advisable.

30. By email dated June 18, 2013, SBA advised GIV that it was no longer substantially meeting the terms of the Plan and that the Plan was no longer advisable in part due to the failure of the revised projections to provide for the repayment of SBA's leverage in full.

31. GIV's failure to meet the terms of the Plan and of the Agreement constitutes nonperformance of a written agreement with SBA and violation of 13 C.F.R. §107.507(a).

32. As a consequence of GIV's violation of 13 C.F.R. §107.507(a) of the regulations, SBA is entitled to be appointed as liquidating receiver for GIV and is further entitled to the injunctive relief provided under the Act, 15 U.S.C. § 687c.

WHEREFORE, Plaintiff prays as follows:

A. That this Court enter the Consent Order filed simultaneously herewith and grant injunctive relief, both preliminary and permanent in nature, restraining and enjoining GIV, its past or present general partner(s), managers, management company, directors, officers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of GIV's funds; (2) using, investing, conveying, disposing,

executing or encumbering in any fashion any funds or assets of GIV, wherever located; and (3) further violating the Act or the regulations promulgated thereunder.

B. That this Court determine and adjudicate GIV's noncompliance with and violation of the Act and the Regulations promulgated thereunder.

C. That this Court, pursuant to 15 U.S.C. § 687c, take exclusive jurisdiction of GIV and all of its assets, wherever located, appoint SBA as receiver of GIV for the purpose of marshaling and liquidating the assets of GIV and satisfying the claims of creditors as approved by this Court, and such other relief as contained in the proposed order for the appointment of SBA as receiver of GIV in accordance with 15 U.S.C. § 687c filed simultaneously with this Complaint and with Plaintiff's motion for injunctive relief.

D. That this Court grant such other relief as may be deemed just and proper.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

7

*[signature]*

RICHARD M. BERNSTEIN (PA. #23044)
Assistant United States Attorney
615 Chestnut Street Suite 1250
Philadelphia PA 19106-4476
(215) 861-8334
(215) 861-8618 (fax)

OF COUNSEL:

ARLENE M. EMBREY
U.S. Small Business Administration
409 Third Street, S.W. 7th Floor
Washington DC 20416
(202) 205-6976
(202) 481-0324 (f)

8